UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FABRICE KAMAYOU, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-10098-IT |
| | * | |
| UNIVERSITY OF MASSACHUSETTS, | * | |
| LOWELL, UNIVERSITY OF | * | |
| MASSACHUSETTS, LOWELL POLICE | * | |
| DEPARTMENT, BOHDAN ZARYCKYJ, | * | |
| MARK SCHAFF, and SCOTT CHILDS, | * | |
| | * | |
| Defendants. | * | |

## ORDER
August 27, 2018

**TALWANI, D.J.**

After considering the Magistrate Judge's July 26, 2018, Report and Recommendation [#57] as to Defendants' Motion to Dismiss for Lack of Jurisdiction [#31], Plaintiff Fabrice Kamayou's Objection to Report and Recommendation [#58], and Defendants' Response to Plaintiff's Objections [#59], the court finds and orders as follows:

    (1)    No objections were filed as to the recommendation that the court grant the motion with respect to Counts II, VI, VII, VIII, X, XI, and XII, and deny the motion with respect to Counts I, III, IV, and V. The court ACCEPTS and ADOPTS the Report and Recommendation [#57] as to those Counts for the reasons set forth therein;

    (2)    Plaintiff did object to the recommendation that the court grant the motion to dismiss as to Plaintiff's contract claim (Count IX). Plaintiff does not dispute that, as a general matter, the Commonwealth of Massachusetts has not waived its sovereign immunity as to contact actions brought by plaintiffs in federal court. Pl.'s Obj. to R&R at 2 [#58]. He argues that this

general rule should not apply here, however, on the ground that the Commonwealth waived its sovereign immunity by not raising it earlier. Id. at 2. Plaintiff argues further that the court may consider the claim under its supplemental jurisdiction under 28 U.S.C. § 1367(a). Id.

The court finds no waiver. "[A] State only waives its immunity under the Eleventh Amendment [through litigation conduct] when it voluntarily entreats a federal court to adjudicate its rights." Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Gonzalez-Feliciano, 695 F.3d 83, 104 (1st Cir. 2012). "That a State is haled into federal court as a defendant against its will and then defends itself once therein will not do." Id. (citing Fla. Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 683 n. 18 (1982)).

Finding no waiver, the court cannot exercise supplemental jurisdiction in the face of Eleventh Amendment immunity. Raygor v. Regents of University of Minnesota, 534 U.S. 533, 542 (2002) (holding that "§ 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants").

Plaintiff asks finally that if the contract claim is dismissed for lack of subject matter jurisdiction, dismissal must be without prejudice and the new filing should be deemed filed as of the date of the federal suit. Pl.'s Obj. to R&R at 2 [#58]. A dismissal for lack of subject matter jurisdiction is normally without prejudice as "a want of jurisdiction deprives a court of the authority to enter a judgment on the merits of the claims sub judice," Hochendoner v. Genzyme Corp., 823 F.3d 724, 736 (1st Cir. 2016), and there is no reason for that rule not to apply here.

Any federal tolling of the statute of limitations, however, is not authorized. Raygor, 534 U.S. at 544-45. Instead, the request is a question of state law to be addressed to the state court.

Accordingly,

IT IS HEREBY ORDERED:

(1) the Magistrate Judge's July 26, 2018, Report and Recommendation [#57] is ADOPTED;

(2) Defendants' Motion to Dismiss [#31] is ALLOWED as to Counts II, VI, VII, VIII, IX, X, XI, and XII of Plaintiff's Complaint [#1]. Counts II, VI, VII, VIII, X, XI, and XII are DISMISSED with prejudice, and Count IX is dismissed without prejudice to the filing of a complaint in state court.

(3) Defendants' Motion to Dismiss is DENIED as to Counts I, III, IV, and V.

Date: August 27, 2018 /s/ Indira Talwani
United States District Judge